■ In the Matter of WALTER AND SAMUELS INC., Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered September 28, 1977, annulling determination of the New York City Conciliation and Appeals Board (CAB) that denied petitioner's application to convert to automated elevators, unanimously reversed, on the law, vacated without costs and without disbursements, petition dismissed, and determination confirmed. Petitioner is the owner of a luxury apartment building at 1155 Park Avenue. Of the building's 52 apartments, 4 are rent controlled and 46 are subject to the Rent Stabilization Law. The building has four elevators, two passenger and two service, all of which are presently manually operated and not equipped to run automatically. In July, 1976, petitioner filed an application with the Office of Rent Control for permission to convert the two passenger elevators to automatic operation. Following a hearing, the application was granted subject to conditions not here relevant on a finding that the conversion would not impair "essential services" mandated by the Rent Control Law. Thereafter, the petitioner filed a similar application with the CAB. After a hearing, the CAB denied this application, concluding that the conversion would deprive the tenants of "required services." The opinion of the CAB details characteristics of the building and its apartments that led the board to the view that under the circumstances present there existed "no equivalent substitute service for the services afforded by the elevator operators." Petitioner then commenced this article 78 proceeding which resulted in the order and judgment appealed from that annulled the determination of the CAB. The court at Special Term said in substance that: (1) the CAB lacks power to enforce the type of order under review since it is limited to either a redetermination of the fair current rent or a determination that the landlord is no longer a member in good standing; (2) since the order of the Office of Rent Control was prior in time, and involved the same subject matter, it is binding under the principles of collateral estoppel; (3) since the Office of Rent Control is a governmental agency and the CAB a quasi-private organization, public policy requires that priority be given to the determination of the governmental agency. As to the power of the CAB to enforce its rulings, repeated court decisions have sustained determinations of that organization providing for the continuation of required services. *(Blum v Conciliation & Appeals Bd.,* NYLJ, Feb. 1, 1971, p 18, col 1, affd 41 AD2d 699; *Fresh Meadows Assoc. v New York City Conciliation & Appeals Bd.,* 88 Misc 2d 1003, affd 55 AD2d 559, affd 42 NY2d 925; *Matter of Sommer v Prince,* NYLJ, March 4, 1975, p 13, col 3, affd 55 AD2d 535, mot for lv to app den 42 NY2d 801.) As to the remaining two grounds advanced, both rest upon the view, erroneous in our opinion, that the

determinations of the two agencies are in irreconcilable conflict and that the courts are obligated to resolve that conflict by upholding one and annulling the other. In fact, although petitioner applied for the same relief from the two agencies, they function under separate regulations that set forth differing standards as to which the relevant considerations are by no means identical. Therefore, collateral estoppel is inapplicable, and no occasion arises to determine any question of "superiority" or "priority." As correctly found at Special Term, the determination of the CAB was supported by substantial evidence and accordingly the petition must be dismissed and the determination confirmed. Concur—Lupiano, J. P., Birns, Lane, Markewich and Sandler, JJ.